[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRIES NO. 102 AND 104)
Defendants, Howard Zuckerman, M.D. and Urological Associates of Bridgeport, P.C. (see docket entry no. 102) and Bridgeport Hospital (see docket entry no. 104) have moved to dismiss this action on the basis of a lock of in personam jurisdiction and/or insufficiency of the service of process.
The plaintiff, Roberto Rodriguez, received medical care involving the defendants on or about September 15, 1998. He asserts he was damaged by medical malpractice. The plaintiff, Milagrosc Rodriguez, is the spouse of Roberto and asserts a claim sounding in loss of consortium.
Attorney Marybeth C. McPadden filed a Petition for Ninety Day Extensionof Statute of Limitations, which was dated September 13, 2000, and time stamped as received in the clerk's office on September 14, 2000, on behalf of the plaintiff Roberto Rodriguez.[1] Purportedly, the filing was pursuant to Connecticut General Statute § 52-190a (b).[2] This filing was attached to the writ, summons and complaint dated December 13, 2000 and exhibiting a return date of January 16, 2001.
The JD-CV-1 form prepared and filed in this matter contains all the information required by § 52-45a of the Connecticut General Statutes. It provides an apparently valid recognizance. It issues a direction for the entrance of the law firm's appearance on behalf of the plaintiffs. The complaint is in acceptable form and is signed by each of the plaintiffs, pro se. This is the claimed problem asserted by the defendants.
The claims of the defendants are summarized as follows:
1. a plaintiff cannot "have it both ways" by having an attorney properly complete the JD-CV-1 and sign the complaint himself or herself without the attorney's signature on the complaint;
2. if the plaintiffs are in fact pro se, a Connecticut General Statute § 52-190a (b) petition cannot be used;
3. plaintiffs cannot rely on. the Connecticut General Statute § CT Page 7118 52-190a (b) petition filed by an attorney in preparing and filing the Connecticut General Statute § 52-190a Certificate of Good faith; and,
4. absent a ruling in their favor, defendants cannot know the limits of contact within the Code of Professional Conduct.
This matter brings a fact pattern which, in some parts, has been addressed by other courts. However, when taken in toto, this is a case of first impression and may highlight needs for attention by the legislature and/or the rule making authorities.
This court is quite convinced that this action is appropriate, legal and sustainable under the existing statutes and rules. Further, the court is convinced there may be some mischievous loopholes revealed by the case.
Defendants admit there is no Connecticut case, statute or rule which prevents or bars the coexistence of counsel and pro se appearance(s). In fact, this happening is specifically provided for by P. B. § 3-8.
 "Whenever an attorney files an appearance for a party, or the party files an appearance for himself or herself, and there is already an appearance of an attorney or party on file for that party, the attorney or party filing the new appearance shall state thereon whether such appearance is in place of or in addition to the appearance or appearances already on file." (Emphasis added.)
Defendants assertion that such dual appearances cannot be initiated by the execution of the JD-CV-1 by an attorney and the plaintiff's signature(s) on the complaint, arguably, have support in the apparently excluding language of P.B. § 3-1 and P.B. § 8-1. (Arguably, other sections minimally support defendants' position when read in isolation and without experiental knowledge of the Connecticut trial court system.)
Defendants assertion that this court should, in the absence of Connecticut precedent on rules, rely on federal authorities is not acceptable. The Connecticut legislature and court rule making authorities have the ability and capacity to assess and evaluate the practices of other jurisdictions. It is patent that the legislative and rule making authorities chose not to implement or pursue issues and/or changes which have been implemented to eliminate contemporaneous attorney and pro se
appearances. It is not the role of this court to legislate or enact CT Page 7119 rules.
The current legislation and rules allow a party to appear pro se and be represented.
The problem in this matter arises because the legislature apparently wanted to place responsibility for pleading health care negligence by requiring a certificate of good faith. (Connecticut General Statute § 52-190a.) It cannot be that the legislature intended a system to allow lawyers (law firm) to seek the significant benefit of a medical malpractice contingent fee and not face the consequences of a "bad" certificate of good faith.
It is clear the plaintiffs and their lawyers have, within existing laws and rules, filed an action which can stand. It is also clear that this is an attempt to allow a law firm to insulate itself from responsibility for its certificate and/or pleadings by having the documents signed by the plaintiffs pro se. Lawyers need to be accountable to the court and the parties for pleadings and certificates prepared by the attorney. It is mischievous to allow this quirk of statute enactment and rule book adoption to allow, or raise to question, the attorneys' obligation. In this matter, the misintent of the lawyers is clearly identified by the use of the lawyers' legal cap with only the pro se signatures. This case highlights an area of "ducking and dodging" which needs attention.
The Motions to Dismiss (docket entries no. 102 and 104) are denied.
DANIEL E. BRENNAN, JR., JUDGE